United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. COBB, <br>     Plaintiff, <br>     v. <br> U.S. GOVERNMENT, <br>     Defendant. | Case No.  13-cv-04870-JST <br><br> **ORDER OF DISMISSAL** |

On February 21, 2014, the Court denied Plaintiff's application to proceed *in forma pauperis* because the application is facially implausible. ECF No. 7. The Court directed Plaintiff to pay to the Clerk of Court by no later than March 24, 2014, the filing fee for filing new cases, or, in the alternative, to file an amended application to proceed *in forma pauperis*. The Court noted that "[f]ailure to comply with this Order will result in dismissal." Id. at 2. No filing hfee has been paid, no amended application has been filed, and the deadline has passed. Consequently, the Court will dismiss this action.

I.  **LEGAL STANDARD**

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation marks omitted).

## II. ANALYSIS

The Court concludes that four of the five factors discussed above strongly support the dismissal of this action.

The first two factors, namely the public's interest in expeditious resolution of litigation and the court's need to manage its docket, relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980). Here, by failing to comply with the Court's orders, Plaintiff has completely stalled this action, thereby depriving the Court of the ability to control the pace of its docket. Accordingly, these factors weigh strongly in favor of dismissal.

Although the third factor, the risk of prejudice to the defendant, may not appear to apply to a case in which defendants have not appeared, the Ninth Circuit has held that "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). "[A] presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez, 138 at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281. Here, Plaintiff has made no explanation of delay. Plaintiff's last filing on the docket was made on October 21, 2013. This factor thus also weighs strongly in favor of dismissal.

The fourth factor concerns the public policy favoring disposition of cases on their merits, which normally "strongly counsels against dismissal." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Nevertheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." Id. at 1228. For this reason, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations and internal quotation marks omitted). Here, Plaintiff's failure to comply with the Court's orders has impeded all progress in this case. Thus, this factor is neutral at best.

Finally, the fifth factor pertains to the availability of less drastic sanctions. Here, the Court

gave Plaintiff an opportunity to comply with the Court's order. Moreover, as discussed in the Court's Order denying Plaintiff's application, Plaintiff has repeatedly attempted to proceed *in forma pauperis* in this Court without providing any plausible information concerning his financial status. The Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). These opportunities and warnings are sufficient to establish that the Court has considered sanctions short of dismissal. In re PPA Prods. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case").

### III.     CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: March 28, 2014

_____
JON S. TIGAR
United States District Judge